UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUDDY OSIAS; MICHAEL GUEST; DAVID CARABALLO; JOSEPH AGNEW,<br><br>                    Plaintiffs,<br><br>              -against-<br><br>DEPARTMENT OF CORRECTIONS, CITY OF NEW YORK; VINCENT SCHRALDI; CAPTAIN REYES; CAPTAIN HAMLET; WARDEN CARTER,<br><br>                    Defendants. | 1:22-CV-0870 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs Ruddy Osias, Michael Guest, David Caraballo, and Joseph Agnew, who are currently held as pretrial detainees in the Vernon C. Bain Center ("VCBC"), in the Bronx, New York, filed this *pro se* complaint claiming that the defendants have violated their federally protected rights with respect to the conditions of confinement in the VCBC concerning the spread of the omicron variant of the COVID-19 virus. All of the plaintiffs signed the complaint, but none of them paid the fees to bring this action or submitted applications for leave to proceed *in forma pauperis* ("IFP") and prisoner authorizations. For the reasons set forth below, the Court: (1) severs, under Rule 21 of the Federal Rules of Civil Procedure, the claims of Plaintiffs Guest, Caraballo, and Agnew into three separate civil actions, and (2) directs Plaintiff Osias, within 30 days, to either pay the fees to bring this action or submit a completed and signed IFP application and prisoner authorization.

DISCUSSION

A.    Plaintiffs Guest, Caraballo, and Agnew

Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in one action if: (1) they assert any right to relief arising out of the same occurrence or series of occurrences, and (2) any question of law or fact in common to all plaintiffs will arise in the action. *See* Fed. R. Civ. P. 20(a)(1); *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192, 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (Courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Courts have the authority to deny joinder, or to order severance, under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted); *see* Fed. R. Civ. P. 21: *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. USDA*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citation omitted).

In determining whether to deny joinder or order severance, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr ex rel. Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering a motion to sever under

2

Rules 20 and 21); *see also Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007) (When considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003)), *report & recommendation adopted*, 2007 WL 2852770 (S.D.N.Y. Sept. 28, 2007). Plaintiffs' claims are similar in nature; each plaintiff asserts claims arising from the conditions of confinement at the VCBC concerning the spread of the omicron variant of the COVID-19 virus.

The Court finds that, even if all of the plaintiffs were properly joined in this action, the practical realities of managing this prisoner litigation where the four plaintiffs are held militate against adjudicating their claims in one action for three reasons. First, as *pro se* litigants, Plaintiffs may appear only on their own behalf; one may not appear as an attorney for the other. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause").

Second, because Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper must be signed personally by every party who is unrepresented, during the course of this action, each plaintiff would be required to sign any submission filed. The transitory nature of pretrial detention, where prisoners are released or transferred at any time, as well as the security restrictions imposed on prisoners communicating with each other, could result in the plaintiffs being unable to communicate face-to-face or by mail. At best, the plaintiffs would have only a very limited opportunity to discuss case strategy,

share discovery, or even provide each other with copies of the submissions that they file with the court.

Third, joinder of these prisoners would likely result in piecemeal submissions, delays, and missed deadlines. *See Perkins v. City of New York*, No. 14-CV-3779, 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that a multi-prisoner action should be severed under Rule 21 into individual actions based on an unwieldy complaint, security considerations, and the plaintiffs' likely inability to jointly litigate the action because they were housed in different facilities or given limited opportunities to associate).

Based on these logistical issues, the Court concludes that allowing this action to proceed as a four-plaintiff action would not be fair to the plaintiffs and would not achieve judicial economy. Allowing each plaintiff to proceed separately, on the other hand, would facilitate the fair and efficient disposition of the litigation.

The Court will therefore sever this action into four separate civil actions. Plaintiff Osias will proceed as the sole plaintiff in this action, and the claims of Plaintiffs Guest, Caraballo, and Agnew will be opened as three separate civil actions and assigned three new civil docket numbers. A copy of the complaint and this order will be docketed in each new civil action. The actions will proceed as separate civil actions from this point on, and Plaintiffs Guest, Caraballo, and Agnew will not be regarded as co-plaintiffs, except upon further order of the Court.[1]

**B.    Plaintiff Osias**

To proceed with a civil action in this court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed

---

[1] The severance of Plaintiffs' claims into separate civil actions does not mean that their claims cannot be considered or tried together. If appropriate, the Court can deem the actions related or can consolidate them. *See Hagan v. Rogers*, 570 F.3d 146, 161 n.11 (3d Cir. 2009).

without prepayment of fees (IFP), submit a completed and signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the court to collect the $350.00 filing fee in installments deducted from the prisoner's prison trust fund account. *See* § 1915(b)(1). A prisoner seeking to proceed in this court without prepayment of fees must therefore authorize the court to withdraw these payments from his prison trust fund account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[2] from the prisoner's prison trust fund account in installments and to send to the court certified copies of the prisoner's prison trust fund account statements for the past six months. *See* § 1915(a)(2), (b).

Plaintiff Osias did not submit an IFP application or prisoner authorization. Within 30 days of the date of this order, Plaintiff Osias must either pay the $402.00 in fees or complete, sign, and submit the attached IFP application and prisoner authorization. If Plaintiff Osias submits the IFP application and prisoner authorization, it should be labeled with docket number 1:22-CV-0870 (LTS).[3] After the new separate civil actions are opened, the Court will issue orders directing Plaintiffs Guest, Caraballo, and Agnew to each either pay the fees to bring a separate civil action or complete, sign, and submit an IFP application and prisoner authorization.

---

[2] The $52.00 administrative fee for filing a federal civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[3] Plaintiffs are cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and she must pay the fees at the time of filing any new federal civil action.

## CONCLUSION

The Court severs from this action, under Rule 21 of the Federal Rules of Civil Procedure, the claims of Plaintiffs Guest, Caraballo, and Agnew. Plaintiff Osias will proceed as the sole plaintiff in this action, and he is directed, within 30 days, to either pay the $402 in fees to bring this action or complete, sign, and return the attached IFP application and prisoner authorization under this action's docket number, 1:22-CV-0870 (LTS). No summons shall issue at this time. If Plaintiff Osias complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff Osias fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court directs the Clerk of Court to open three new separate civil actions with three new docket numbers for the claims of Plaintiffs Guest, Caraballo, and Agnew, and docket in each of those actions a copy of the complaint and this order. Once each new action is opened, the Court will issue orders directing Plaintiffs Guest, Caraballo, and Agnew to each either pay the fees to bring a separate action or complete, sign, and return an IFP application and prisoner authorization.

The Court also directs the Clerk of Court to mail copies of this order to Plaintiffs Osias, Guest, Caraballo, and Agnew, and note service on the docket.

SO ORDERED.

Dated:  February 2, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge