UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUDDY OSIAS,

                              Plaintiff,

-against-

DEPARTMENT OF CORRECTIONS, CITY OF NEW YORK; VINCENT SCHRALDI; CAPTAIN REYEZ; CAPTAIN HAMLET; WARDEN CARTER,

                              Defendants.

22 Civ. 870 (LGS)

ORDER OF SERVICE

LORNA G. SCHOFIELD, United States District Judge:

      Plaintiff, who is currently held in the Vernon C. Bain Center ("VCBC"), in the Bronx, New York, brings this *pro se* action seeking damages and alleging that the defendants have been "violating human rights [and] violating correctional services." The Complaint seeks relief from the following defendants: (1) the New York City Department of Correction ("DOC"); (2) former DOC Commissioner Vincent Schiraldi; (3) VCBC Correction Captain Reyez; (4) VCBC Correction Captain Hamlet; and (5) VCBC Warden Carter.

      By Order dated February 14, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons discussed below, the Court dismisses Plaintiff's claims against the DOC, and directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to add the City of New York as a defendant in this action. The Court requests that the City of New York and the individual defendants waive service of summons.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**DISCUSSION**

**A.     The DOC**

Plaintiff's claims against the DOC are dismissed because an agency of the City of New York, such as the DOC, is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Henry v. County of Nassau*, 6 F.4th 324, 336 (2d Cir. 2021).

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the DOC with the

2

City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.     Waiver of service of summons**

The Court directs the Clerk of Court to notify the DOC and the New York City Law Department of this order. The Court requests that the City of New York, former DOC Commissioner Vincent Schiraldi, VCBC Correction Captain Reyez, VCBC Correction Captain Hamlet, and VCBC Warden Carter waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against "Department of Corrections, City of New York," and respectfully directs the Clerk of Court to add the City of New York as a defendant in this action. *See* Fed. R. Civ. P. 21.

The Court also respectfully directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York, former DOC Commissioner Vincent Schiraldi, VCBC Correction Captain Reyez, VCBC Correction Captain Hamlet, and VCBC Warden Carter waive service of summons.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court further respectfully directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

Dated: February 16, 202
      New York, New York

3

                                            LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE