UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                          :
RUDDY OSIAS,                                              :
                                        Plaintiff,       :
                                                          :           22 Civ. 870 (LGS)
                    -against-                             :
                                                          :                ORDER
DEPARTMENT OF CORRECTIONS OF NEW  :
YORK, et al.,                                            :
                                                          :
                                    Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, pro se Plaintiff and counsel for Defendants appeared at an initial conference

on July 20, 2022.  For the reasons stated at the conference, it is hereby

        **ORDERED** that by **August 17, 2022**, Plaintiff shall file an amended complaint.  As

discussed at the conference, Plaintiff is advised that the amended complaint should include the

following additional information:

- **Municipal Liability**: Municipalities like the City of New York are liable for

  constitutional violations only if the City had (1) an official policy or custom that (2)

  caused the plaintiff to be subjected to (3) a denial of a constitutional right." Monell v.

  Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978); Torcivia v. Suffolk County,

  New York, 17 F.4th 342, 354-55 (2d Cir. 2021) (internal quotation marks omitted).

  The amended complaint must assert facts to show that the City had an official policy,

  custom or widespread practice that caused Plaintiff's constitutional violation and

  describe what that policy, custom or practice was.  The amended complaint should

  also describe, in as much detail as possible, the names and/or positions of the

  individuals responsible for the violation.

- **Seriousness of Harm/Conduct**: To plead a deprivation of a constitutional right under

the Fourteenth Amendment based on a condition of confinement, a plaintiff must

allege "that the conditions, either alone or in combination, pose an unreasonable risk

of serious damage to his health." *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017)

(internal quotation marks omitted).  The amended complaint should illustrate the

severity of the (1) harm suffered as a result of the constitutional violation, including

the duration of  Plaintiff's illness, severity of symptoms and recovery time, and (2) the

City's conduct, demonstrating how it was so bad or shocking that it rises to the level

of a constitutional violation.

- **Mental State**: "To state a claim of deliberate indifference under the Due Process

  Clause of the Fourteenth Amendment, a plaintiff must allege . . . that the defendant-

  official acted intentionally to impose the alleged condition, or recklessly failed to act

  with reasonable care to mitigate the risk that the condition posed to the pretrial

  detainee even though the defendant-official knew, *or should have known*, that the

  condition posed an excessive risk to health or safety." *Vega v. Semple*, 963 F.3d 259,

  273-74 (2d Cir. 2020) (internal quotation marks omitted).  The amended complaint

  should explain the mental state of the defendant-officials, including to what extent

  they acted intentionally or with reckless indifference.

- **Exhaustion**: A plaintiff filing an action alleging a constitutional violation based on

  prison conditions must exhaust his administrative remedies before commencing an

  action in federal court.  *Saeli v. Chatauqua Cnty., NY*, 36 F.4th 445, 454 (2d Cir.

  2022).  There are exceptions to the exhaustion requirement, including (1) "where the

  [administrative] process operates as a simple dead end – with officers unable or

  consistently unwilling to provide any relief to aggrieved inmates," (2) "where the

2

process is so opaque that it becomes, practically speaking, incapable of use," and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* (internal quotation marks and internal citations omitted).  The amended complaint should describe the extent to which Plaintiff filed a grievance and any resolution of the grievance, and if not, explain why Plaintiff did not file a grievance.

It is further

**ORDERED** that Defendants' motion to dismiss shall be briefed according to the following schedule:

- By **September 16, 2022**, Defendants shall file their motion to dismiss and supporting memorandum of law, not to exceed twenty-five (25) pages.

- By **October 19, 2022**, Plaintiff shall file any opposition, not to exceed twenty-five (25) pages.

It is further

**ORDERED** that discovery in this matter is stayed pending resolution of Defendants' motion to dismiss.  It is further

**ORDERED** that by **July 22, 2022**, Defendants shall serve a copy of this Order on Plaintiff and file proof of such service on the docket.

Dated: July 20, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3